# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN CHARLES, | CASE NO.   1:09-cv-1873 SKO |
| Plaintiff pro se, | **ORDER TO SHOW CAUSE** |
| v. | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | |
| Defendant. | |
| _____/ | |

On October 26, 2009, Plaintiff, proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying Plaintiff's applications for disability insurance benefits and Supplemental Security Income. (Doc. 1.)  The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and the matter has been assigned to the Magistrate Judge to conduct all further proceedings in this case, including entry of final judgment. (Docs. 13, 15, 17.)

On November 10, 2009, the Court issued a scheduling order directing (1) Plaintiff to serve upon Defendant a letter brief within thirty (30) days after service of the administrative record; (2) Defendant to serve a response to Plaintiff's letter brief within thirty-five (35) days thereafter; (3) the parties to file any stipulation to a remand within fifteen (15) days after Defendant's response;

and (4) Plaintiff to file and serve an opening brief within thirty (30) days of Defendant's response if Defendant did not agree to a remand to the Commissioner. (Doc. 9 ¶¶ 3-6.)

The Commissioner filed and served the administrative record on May 17, 2010. (Doc. 18.) The Court's review of the docket indicates that, to date, Plaintiff has neither filed his opening brief nor requested additional time to do so.

The Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To that end, "[d]istrict courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (second alteration in original); *see also Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

Accordingly, it is ORDERED that, **by no later than September 24, 2010**, Plaintiff shall file and serve his opening brief or show cause why the Court should not impose sanctions under Local Rule 110, including dismissal, for failing to comply with an order of this Court. Plaintiff is admonished that the failure to timely comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   September 9, 2010**             /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE