# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN CHARLES,<br><br>        Plaintiff pro se,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant.<br>_____/ | CASE NO.   1:09-cv-1873 SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FOR FAILURE TO COMPLY WITH COURT ORDER** |

## BACKGROUND

On October 26, 2009, Plaintiff, proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying Plaintiff's applications for disability insurance benefits and Supplemental Security Income. (Doc. 1.) The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and the matter has been assigned to the Magistrate Judge to conduct all further proceedings in this case, including entry of final judgment. (Docs. 13, 15, 17.)

On November 10, 2009, the Court issued a scheduling order directing (1) Plaintiff to serve upon Defendant a letter brief within thirty (30) days after service of the administrative record, (2) Defendant to serve a response to Plaintiff's letter brief within thirty-five (35) days thereafter,

(3) the parties to file any stipulation to a remand within fifteen (15) days after Defendant's response, and (4) Plaintiff to file and serve an opening brief within thirty (30) days of Defendant's response if Defendant did not agree to a remand to the Commissioner. (Doc. 9 ¶¶ 3-6.) The scheduling order further stated that "[v]iolations of this order or of the federal or local rules of procedure may result in sanctions pursuant to Local Rule [110]." (*Id.* ¶ 15.) An informational order for pro se litigants issued on March 10, 2010, also expressly warned Plaintiff that failure to comply with the local rules, federal rules, or a court order, including the informational order itself, would be grounds for dismissal or other appropriate sanctions. (Doc. 16 at 8.)

On May 17, 2010, Defendant served and lodged the administrative record. (Doc. 18.) Plaintiff did not file an opening brief within the Court's prescribed time period, and the parties did not stipulate to an extension of time for Plaintiff to do so. Accordingly, the Court ordered Plaintiff, by September 24, 2010, either to file his opening brief or to show cause why the Court should not impose sanctions, including dismissal, for Plaintiff's failure to do so. (Doc. 19 at 2.) The order to show cause admonished Plaintiff that "failure to timely comply with this order will result in dismissal of this action." (*Id.*) Plaintiff has not filed his opening brief or otherwise responded to the order to show cause.

## **DISCUSSION**

**A.   Legal Standard**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." A court may dismiss an action, with prejudice, because of a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

**B.      Analysis**

**1.      The Public's Interest in Expeditious Resolution of Litigation**

"[T]he public has an overriding interest in securing 'the just, speedy, and inexpensive determination of every action.'" *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1227 (quoting Fed. R. Civ. P. 1). "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Id.* "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642. Accordingly, Plaintiff's failure to comply with the Court's order and to pursue his case further weighs in favor of dismissal.

**2.      The Court's Need to Manage Its Docket**

As for the second factor, district courts retain broad discretion to control their dockets, and in the exercise of that power they may impose sanctions including, where appropriate, dismissal. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). The Court "is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642.

Here, this case "has consumed some of the court's time that could have been devoted to other cases on the docket. It is incumbent upon the Court to manage its docket without being subject to

routine noncompliance of litigants such as [Plaintiff]. Accordingly, this factor also weighs in favor of dismissal." *Id.* (citation omitted).

### 3. The Risk of Prejudice to Defendant

The third factor – the risk of prejudice to Defendant – also weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp.*, 913 F.2d at 1412. Failing to produce documents as ordered, for example, is considered sufficient prejudice. *Id.* Prejudice "may also consist of costs or burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1228. "The law also presumes prejudice from unreasonable delay." *Id.* at 1227. A plaintiff "may proffer an excuse for delay that, if 'anything but frivolous,' shifts the burden of production to the defendant to show at least some actual prejudice." *Id.* at 1228. If the defendant does so, "the plaintiff must persuade the court that the claims of prejudice are illusory or relatively insignificant in light of his excuse." *Id.*

In this case, Plaintiff has failed to offer any explanation for the delay in proceeding with the prosecution of the case. The Court finds that, under the circumstances of this case, Plaintiff's delay is unreasonable. Moreover, Plaintiff's failure to file an opening brief threatens to interfere with the rightful decision of this case, further establishing prejudice to Defendant.

### 4. The Public Policy Favoring Disposition of Cases on Their Merits

The fourth factor – the public policy favoring disposition of cases on their merits – strongly counsels against dismissal. *Id.* "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *Id.* Thus, the Ninth Circuit has "also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* Therefore, the fourth factor is greatly outweighed by the factors in favor of dismissal discussed herein.

### 5. The Availability of Less Drastic Sanctions

Finally, a court's warning to a party that failure to obey the court's order may result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court's informational order issued on March 10, 2010, expressly warned Plaintiff that failure to comply with the local rules, federal rules, or a court order, including the informational order itself, would be grounds for dismissal or other appropriate sanctions. (Doc. 16 at 8.) The Court further admonished Plaintiff that failure to respond to the Court's order to show cause would result in dismissal of this case. (Doc. 19 at 2.) Because Plaintiff is proceeding pro se and in forma pauperis, the Court concludes that monetary sanctions are not a viable alternative. The Court finds that, under the circumstances of the present case, there is no alternative to dismissal.

**C.    Conclusion**

The Court's consideration of the five factors discussed above favors dismissal of this case. Accordingly, IT IS HEREBY ORDERED that the Order to Show Cause be DISCHARGED. IT IS FURTHER ORDERED that this action be DISMISSED WITH PREJUDICE for failure to prosecute and for failure to follow an order of the Court. The Clerk is DIRECTED to CLOSE this action in its entirety.

IT IS SO ORDERED.

**Dated:   September 28, 2010**             /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE